UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567,  ) | C/A No. 5:13-3037-RMG-KDW |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | REPORT AND RECOMMENDATION |
| ) | |
| SC Bar Head Person of Establishment,  ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the United States District Judge assigned to this matter. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Plaintiff is incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). He filed the civil Complaint now under review using "sovereign citizen" terminology in an attempt to show that the South Carolina Bar ("S.C. Bar") is connected with "British" authorities.[1] Plaintiff has sued the "S.C. Bar Head person of Establishment," and asserts that, as a result of

---

[1]Plaintiff's language "has the earmarks of the 'Sovereign Citizens' movement. As explained by the FBI, 'Sovereign citizens view the USG [U.S. government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral. Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department.'" *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 750 (7th Cir. 2013) (quoting Federal

the S.C. Bar's alleged British connection, none of the members of the S.C. Bar, such as attorneys and judges, have any power over Plaintiff. Because of this allegedly "null and void" S.C. Bar activity, Plaintiff believes that he is being held in SCDC illegally and should be let out of prison. Compl. 4, ECF No. 1. Other than his continued "illegal" incarceration, Plaintiff does not assert any specific violations of constitutional rights. Plaintiff alleges that he wants to be treated as a "sovereign" and to be "left alone by the government as one." *Id.* He wants the court to provide him relief from Defendants' "judgements [sic] which got [him] enslaved in SCDC's warehouse/plantations" and to award the maximum damages this court will allow. *Id.* at 4.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corrs.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 3 (Nov. 2010), http:// info. public intelligence. net/ FBI- Sovereign Citizens. pdf (visited March 6, 2013)). Also, the Second Circuit found that "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. The FBI has labeled the sovereign citizens a domestic terrorist group." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (citing 'Sovereign Citizens A Growing Domestic Threat to Law Enforcement,' *FBI Law Enforcement Bulletin* (Sept. 2011), http:// www. fbi. gov/ stats- services/ publications/ law- enforcement- bulletin/ september– 2011/ sovereign– citizens).

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because it is *frivolous and fails to state a claim upon which relief can be granted*.

## DISCUSSION

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 1230 (2002). Additionally, in order to assert a viable § 1983 claim against any particular public official or employee, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff

---

[2] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983 because, liberally, construed, it attempts to state a claim of unconstitutional seizure (incarceration) under the Fourth and Fourteenth Amendments to the United States Constitution. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

3

complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983).

It is well settled that only "persons" may act under color of state law; therefore, a proper defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Also, use of the collective term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Plaintiff's Complaint is frivolous and subject to summary dismissal for failure to state a claim upon which relief can be granted because his named "Defendant" is not a "person." The term "SC Bar Head Person of Establishment" is similar to the collective term "staff" in that it does not identify any specific person who may or may not be liable under § 1983.

Furthermore, even if the court could liberally construe Plaintiff's use of the terminology "SC Bar Head Person of Establishment" as sufficient to name a "person" (such as an officer or director of the S.C. Bar Association), the Complaint would still be frivolous and subject to summary dismissal because the S.C. Bar Association is not part of the State of South Carolina and its officers and employees are not "state actors." *See Lawline v. American Bar Ass'n*, 738 F. Supp. 288, 294-95 (N.D. Ill. 1990); *Murphy v. Maine*, No. 06–062–ML, 2007 WL 2428816, *2 (D.R.I. Aug. 22, 2007). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42

U.S.C. § 1983 or under the Fourteenth Amendment–the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Further, even if the court could find that Plaintiff has alleged sufficient state action by a person resulting in his continued incarceration on a 2007 Dillon County armed-robbery conviction and 18-year sentence,[3] the Complaint under review should still be dismissed summarily for frivolity and failure to state claim. Plaintiff has filed at least two prior cases in which this court informed him of the United States Supreme Court's landmark opinion in *Heck v Humphrey*, 512 U.S. 477 (1994), and how its operation prevents an award of damages or other relief for alleged constitutional violations in connection with continued incarceration on still-valid (not overturned or reversed) criminal convictions. *See, e. g., Cabbagestalk v. Headquarters Classifications of Columbia, S.C.*, Civil Action No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, Civil Action No. 3:09-1834-SB. Unless and until Plaintiff has his Dillon County conviction overturned or set aside, *Heck* bars Plaintiff from collecting damages or otherwise raising issues of alleged serious constitutional violations arising from the conviction and sentence against anyone involved. By continuing to assert such frivolous claims despite prior information that they are invalid, Plaintiff opens himself up to a finding of maliciousness as well as frivolity.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be *dismissed with prejudice* because it is frivolous, malicious, and fails to state a claim upon which relief may be granted. *See Denton v.*

---

[3]*See* SCDC's website for information about Plaintiff's conviction and sentence. Inmate Locator, http://public.doc.state.sc.us/scdc-public/ (last visited Jan. 2, 2014).

*Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this case be deemed a strike for purposes of the three-strikes rule because of its frivolity, maliciousness, and failure to state a plausible claim. 28 U.S.C. § 1915(g); *Blakely v. Wards*, No. 11-6945, 2013 WL 5718441 (4th Cir. Oct. 22, 2013). If this recommendation is adopted, this will become Plaintiff's third strike under § 1915 and his ability to proceed in forma pauperis in this court will be severely curtailed. *See, e.g.*, *Cabbagestalk v. Headquarters Classifications of Columbia, S.C.*, Civil Action No. 3:08-cv-03982-SB (final order adopting report and recommendation that case be dismissed as "frivolous" and specifically stating that "this case is deemed a 'strike' . . . ."); *Cabbagestalk v. Richstad*, Civil Action No. 3:09-1834-SB (same).

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

January 2, 2014                                          Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).