IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shaheen Cabbagestalk, | ) | |
| | ) | No. 5:13-cv-3037-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SC Bar Head Person of Establishment, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915 and that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g). (Dkt. No. 17). For the reasons set forth below, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. Further, the Court denies Plaintiff's motion to amend his complaint. (Dkt. No. 21).

**Background**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this complaint seeking relief from what he argues is his illegal detention. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Magistrate Judge then issued the present R&R recommending dismissal because this case is frivolous, malicious, and fails to state a claim.

(Dkt. No. 17). Plaintiff then filed a motion to amend his complaint and objections to the R&R. (Dkt. Nos. 21, 22).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. As expressed by the Magistrate Judge, Plaintiff's complaint uses the terminology of "sovereign citizens" to explain why his incarceration is illegal. After liberally construing the complaint to assert a claim under 42 U.S.C. § 1983, the Magistrate Judge found that the complaint was subject to summary dismissal because the named defendant was not a person or a state actor and because the complaint failed to allege that Plaintiff's state court conviction had been called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Rather than respond to the substance of the Magistrate Judge's analysis, Plaintiff again supplied only a recital of his "sovereign citizens" argument in his objections. (Dkt. No. 22). These arguments do not provide any basis for departing from the R&R.

Finally, the Court denies Plaintiff's motion to amend the complaint. By this motion, Plaintiff seeks to add Susan B. Hackett, of the South Carolina Commission on Indigent Defense, as a defendant to this action for alleged ineffective assistance of counsel. (Dkt. No. 21). The Court should deny leave to amend when the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). An amendment is futile where the claim sought to be pleaded would plainly be subject to a motion to dismiss. *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990). "An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983." *Rhodes v. Seventh Circuit Solicitor's Office*, No. 9:09-cv-1863-JFA, 2009 WL 2588487, at *2 (D.S.C. Aug. 19, 2009) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney)). Thus, the Court denies the motion because it would be futile to add attorney Hackett as a defendant.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 17). Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915 and this dismissal is deemed a "strike" under 28 U.S.C. § 1915(g). Further, the Court denies Plaintiff's motion to amend his complaint. (Dkt. No. 21).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 15, 2014
Charleston, South Carolina